# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Blue Package Delivery, LLC, | Case No. 0:17-cv-4329 (WMW-KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Express Messenger Systems, Inc., d/b/a/ OnTrac, a Delaware Corporation, | |
| Defendant. | |

Earlier this year, defendant Express Messenger Systems Inc. ("OnTrac") filed a motion to compel discovery, to deem requests for admission to be admitted, and for sanctions against plaintiff Blue Package Delivery, LLC ("Blue Package"). (ECF No. 26.) The Court granted OnTrac's motion to compel, denied its request to deem requests for admission admitted, and granted the request for attorneys' fees. (Order, ECF No. 39.) OnTrac timely submitted its affidavit in support of fees and costs (ECF No. 40), and plaintiff Blue Package filed no objection or other response to OnTrac's application for fees.[1] After careful consideration, the Court finds that OnTrac's fees are reasonable and GRANTS its application for attorneys' fees.

**A.    Reasonable Attorney Fees**

The lodestar method is the starting point for determining the amount of a reasonable attorney's fee. *In re National Hockey League Players' Concussion Injury Litigation*, MDL No. 14-2551, 2017 WL 3276873 (D. Minn. Jul. 31, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine the lodestar, the Court multiplies a reasonable number of hours expended on the motion by a reasonable hourly billing rate. *Id.* The reasonable rate is what is typical for similar work in the community in which case is being litigated, and "district courts may rely on their own

---

[1] A recitation of the facts surrounding this dispute may be found in the Court's August 13, 2018 Order, ECF No. 39.)

1

experience and knowledge of prevailing market rates" in determining what is reasonable. *Id.* (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Courts have great discretion in determining whether attorneys' fees are reasonable. *See Hensley*, 461 U.S. at 437.

In total, OnTrac claims $4,705.00 in fees associated with bringing the motion to compel. The Court finds this sum to be reasonable. Two attorneys worked on this motion. First was Mark Whitmore, a shareholder of the firm Bassford Remele, P.A. with over 25 years of legal practice. He claims an hourly rate of $375.00 for this case. (ECF No. 40 ¶ 5.) The Court finds this fee reasonable for an attorney of his experience in the Minneapolis, Minnesota community. The second attorney was Jeffrey R. Peters, an associate with Bassford Remele, P.A. who graduated from law school in 2012. (ECF No. 40 ¶ 6.) His hourly rate for this case is $235.00. This rate is reasonable among firms of similar sizes in Minneapolis for associates with Mr. Peters's experience.

The Court also determines that the hours expended working on the motion to compel are reasonable. Mr. Whitmore billed less than five hours working on the motion to compel, and the Court finds that his billing descriptions are adequate and reasonable. (ECF No. 40 ¶ 5.) Mr. Peters also expended a reasonable number of hours preparing for this relatively simple motion to compel and has provided the court with detailed descriptions of his work. (ECF No. 40 ¶ 6.) The Court determines that the work performed by both attorneys was necessary and reasonable given the circumstances of the motion. Therefore, the Court grants OnTrac's request for fees in their full amount.

## B.    Blue Package's Responsibility to Pay the Fees

Finally, Federal Rule of Civil Procedure 37(a)(5) permits a court to require the unsuccessful party, that party's attorney, or both to pay the reasonable expenses of the successful party in a discovery dispute. The Court makes this choice based on "whose conduct necessitated the motion." *Id.* At the time of the Court's original order, the Court noted that it was unclear whether it was Blue Package's conduct or its counsel's conduct that necessitated OnTrac's discovery motion. (ECF No. 39 at pp. 4 n.1.) As a result, the Court placed the responsibility for fees on both counsel and Blue Package. (*See* ECF No. 39.)

In the time since that Order was issued, however, a clearer picture has emerged. Blue Package's counsel has moved to withdraw based on a total breakdown of the attorney/client relationship. (*See* ECF Nos. 48, 57.) Based upon the submissions associated with that motion, it is clear that the breakdown has come about partially as a result of Blue Package's continuing refusal to timely provide its counsel with information and documents necessary to comply with this Court's orders. This is the second attorney who has requested withdrawal in this case based on Blue Package's behavior. (*See* ECF No. 20 (noting "inability of counsel to effectively get participation from Plaintiff to prosecute Plaintiff's claims.").) A letter submitted by OnTrac in response to an unrelated request by Blue Package's counsel to extend the discovery deadline further demonstrates how Blue Package itself has caused much of the delay and difficulty in this litigation. (ECF No. 60.) It is unusual and troubling to see a plaintiff so reluctant to fulfill its duties of discovery in a case that it has chosen to bring and continue to prosecute. Accordingly, the Court will alter its August 13, 2018 Order granting attorneys' fees and require Blue Package specifically to pay OnTrac's fees. Furthermore, it will require Blue Package to do so within twenty-one (21) days of this Order and submit to the Court proof that it has done so. Failure for Blue Package to timely make this payment may result in a recommendation from this Court for dismissal with prejudice based on failure to prosecute and failure to comply with a court order.

Accordingly, **IT IS HEREBY ORDERED:**

1. OnTrac's application for attorney fees (ECF No. 40) is GRANTED. Blue Package Delivery, LLC must pay OnTrac or its attorneys $4,705.00 in fees and costs within 21 days of this Order.

2. Within 21 days of this Order, Blue Package must file an affidavit with the Court demonstrating that it has paid these fees to OnTrac or its attorneys.

Date: November 19, 2018     *s/ Katherine Menendez*
                            Katherine Menendez
                            United States Magistrate Judge