# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Blue Package Delivery, LLC, | Case No. 0:17-cv-4329 (WMW-KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Express Messenger Systems, Inc., d/b/a/ OnTrac, a Delaware Corporation, | |
| Defendant. | |

      Plaintiff Blue Package Delivery, LLC ("Blue Package") has moved to amend the amending scheduling order. (ECF No. 71.) Defendant Express Messenger Systems, Inc. ("OnTrac") opposes the motion. (ECF No. 80.) Because the Court finds good case to amend the scheduling order, and finds little to no prejudice to OnTrac, Blue Package's motion is GRANTED.

## FACTS

      This litigation has been plagued with delay for myriad reasons. The first delay occurred in January 2018. On January 19, 2018, OnTrac served discovery on Blue Package. But discovery responses were not provided to OnTrac within the 30-day deadline. While the clock was running on the required responses, Blue Package's first attorney, Dan Gallatin, informed Blue Package that he would be seeking withdrawal, and advised them to find new counsel. On February 19, 2018, Mr. Gallatin formally moved to withdraw without substitute counsel. (ECF No. 20.) Before the Court could rule on the motion, Blue Package retained new counsel, Halpern Law Firm, who entered a notice of appearance on March 7, 2018. (ECF No. 23.)

      After Halpern took over the case, they learned that Blue Package had never received OnTrac's first set of discovery requests. (ECF No. 29, Ex. C.) These requests were also missing from the file that Mr. Gallatin had sent to Halpern. (*Id.*)

Halpern did receive the requests after this oversight was discovered. However, delay in the discovery process continued.

Although Halpern met with Blue Package on May 16, 2018 to discuss responding to discovery (Declaration of Lynn Terpstra, ECF No. 77, ¶ 2), discovery responses were not timely provided to OnTrac. On June 7, 2018, OnTrac filed a motion to compel. (ECF No. 26.) Blue Package never responded to the motion, so the Court granted the motion without their input. (ECF No. 32.) Halpern then instructed Blue Package to collect responsive documents and send them to OnTrac *without Halpern's review.* (Terpstra Decl., Ex. B.) OnTrac notified Blue Package and Halpern of deficiencies in the response, and Halpern once again instructed Blue Package to respond without providing guidance or input. (*Id.* Ex. C.) They also acknowledged that they were unaware of what had been produced to OnTrac. (*Id.*) On August 29, Blue Package provided Halpern with its updated responses to OnTrac's discovery as well as affirmative discovery requests of its own. (*Id.* Ex. F.) Halpern never served OnTrac with the discovery requests.

Further delay was caused by circumstances entirely out of Blue Package's control. First, Steve Ugland, the primary Halpern attorney working with Blue Package, suffered a stroke in early September. (Terpstra Decl., Ex. G.) Litigation was stalled for several weeks while Mr. Ugland recovered. Shortly thereafter, Halpern moved to withdraw from litigation, citing a refusal by Blue Package to communicate or engage in the litigation. (ECF No. 48.) The Court granted the motion and gave Blue Package time to find new counsel, which it did. Blue Package's third attorney, Messerli and Kramer, appeared on January 14, 2019. (ECF No. 68.) They promptly filed this motion. (ECF No. 71.)

## ANALYSIS

Amending a scheduling order is governed by Federal Rule of Civil Procedure 16. Under this rule, a movant must demonstrate that there is good cause to modify the deadlines in a scheduling order. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence." *Kmak v. American Century Companies, Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)). Prejudice to the nonmovant is generally only considered when the movant has not been diligent in meeting the deadlines of the scheduling order. *Cf. id.*

Blue Package argues that it has been as diligent as possible considering the less-than-perfect actions of Halpern, and that modification of the scheduling order is warranted. OnTrac opposes Blue Package's motion, arguing that Blue Package has caused much of the delay through its own actions, rather than those of its counsel, and that it will be prejudiced by the late modification of the scheduling order. The Court finds that a modest change to the scheduling is warranted here.

Ultimately, the Court does not seek to apportion blame between any counsel or party for the delay that necessitates the current motion. It is clear that actions by multiple actors have converged to create the situation in which Blue Package now finds itself—several months after discovery's close, with no discovery conducted. And OnTrac is in a similar position in some respects: it has been unable to collect necessary discovery or conduct essential depositions to support either its defenses or its counterclaims. Regardless, Blue Package has submitted evidence that demonstrates their diligence in providing discovery responses and information for discovery requests to their attorney. (*See, e.g.*, Terpstra Decl. Ex. F.) Accordingly, the Court finds that at least part of Halpern's failure to conduct discovery is not tied to Blue Package's diligence. Although a litigant typically hires an attorney at their own risk, *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34 (1962), courts in other circuits have granted modest changes to a scheduling order where extraordinary circumstances warrant. *E.g.*, *Dunham v. City of New York*, 295 F. Supp. 3d 319, 328 (S.D.N.Y. 2018). Indeed, the Eighth Circuit has considered conduct attributable to a litigant's attorney in analogous cases, such as when determining sanctions. *See, e.g.*, *Herring v. City of Whitehall*, 804 F.2d 464, 468 (8th Cir. 1986) (considering potential harm to the client due to attorney neglect); *see also Bergstrom v. Frascone*, 744 F.3d 571, 575 n.1 (8th Cir. 2014).

The Court is careful to note that it makes no finding of professional misconduct or malpractice in this Order, nor is any such motion before it. Such a finding is not warranted by the record before it, nor is it required for the result reached here. Nor does the Court place blame squarely upon any party's shoulders. But on the record before the Court now, it is clear that, while Blue Package may not have pursued discovery at times with perfect diligence, its efforts were also thwarted by actions taken by its attorneys, as well as an attorney illness that was certainly beyond anyone's control. These are unusual circumstances, and failing to adjust the

3

schedule would not serve the goal of securing an adjudication on the merits of this case.

Finally, the Court finds that OnTrac will not be prejudiced by this adjustment. Prejudice is not always considered where an adjustment to the scheduling order is made, but should be examined when, in cases such as this, the movant has not demonstrated perfect diligence in its attempts to adhere to the scheduling order. *E.g.*, *Kmak*, 873 F.3d at 1034. The Court finds that OnTrac will suffer little prejudice, and in fact may even benefit, from reopening discovery. OnTrac has provided little to support its general claim of prejudice stemming from this motion. Instead, OnTrac simply argues that it was diligent, and so it is unfair that Blue Package will get a second chance to conduct discovery. It also appears that OnTrac believes that it should be absolved of any possible liability for Blue Package's claims, but awarded full recovery for its counterclaims as a result of the delay at issue. (*See* ECF Nos. 66, 80.) Such a windfall is unjustified. The Court understands OnTrac's frustration, but finds that it does not amount to prejudice. Indeed, by reopening discovery, OnTrac will have the opportunity to conduct previously-noticed depositions and will also gain insight into Blue Package's theory of the case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Amended Scheduling Order (ECF No. 47) is further amended as follows:

    a. Expert disclosures shall be provided by March 20, 2019;

    b. Fact discovery shall be commenced in time to be completed on or before May 15, 2019;

    c. Non-dispositive motions and supporting documents, including those which related to fact discovery and leave to assert punitive damages (if applicable), shall be filed and served on or before May 15, 2019

    d. All dispositive motions shall be filed, served, and scheduled on or before June 15, 2019; and

    e. This case shall be ready for a jury trial on October 7, 2019.

Date: March 13, 2019                              *s/ Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge